UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

NATHAN PAUL HANNA,            )
                              )
            Petitioner,       )   Case No. 1:03-cv-443
                              )
v.                            )   Honorable Robert Holmes Bell
                              )
JANETTE PRICE,                )
                              )   **MEMORANDUM OPINION**
            Respondent.       )
_____)

This was a habeas corpus proceeding brought by a state prisoner, through counsel, pursuant to 28 U.S.C. § 2254. By opinion and order entered November 17, 2005, the court granted a conditional writ of habeas corpus, requiring the State of Michigan to provide petitioner with a new trial or release him within ninety days of the date of the opinion. Respondent has now filed a notice of appeal and a motion for a stay pending appeal. (docket # 46). The time allowed for response by petitioner has elapsed without the filing of a brief in opposition to the motion.

The decision of a district court to grant or deny a motion to stay implementation of a habeas corpus decision pending appeal is governed by Rule 23 of the Federal Rules of Appellate Procedure. Rule 23(c) provides:

> (c)  **Release Pending Review of Decision Ordering Release**. While a decision ordering the release of a prisoner is under review, the prisoner must -- unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise -- be released on personal recognizance, with or without surety.

FED. R. APP. P. 23(c). In *Hilton v. Braunskill*, 481 U.S. 770 (1987), the Supreme Court held that Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases, but that presumption may be overcome if the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" 41 U.S. at 774. The *Hilton* Court held that the traditional factors governing the power of a district court to stay an order under Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a) apply to the determination of whether a successful habeas petitioner should be release pending appeal. These factors are: (1) the likelihood of respondent's success on appeal; (2) whether the appellant would be irreparably harmed in the absence of a stay; (3) whether the issuance of the stay would injure other interested parties; and (4) the public interest. *Id.* at 776. The Supreme Court also held that the possibility that petitioner might flee or pose a danger to the public, as well as the state's continuing interest in rehabilitation, could weigh against release of a successful habeas petitioner pending appeal. *Id.* at 777.

This court must therefore explicitly consider each of these factors in reviewing the pending motion for stay. *See Workman v. Tate*, 958 F.2d 164, 166-67 (6th Cir. 1992). The first relevant factor concerns the likelihood that respondent will be successful on appeal. The *Hilton* Court indicated that this factor, although not necessarily dispositive, may be pivotal. 481 U.S. at 778. In the present case, petitioner is serving a nonparolable life term after a jury convicted him of premeditated, first-degree murder. At trial, petitioner did not contest the fact that he had killed the victim, Tony Gillespie, by shooting him twice with a shotgun at close range. The only contested issue was petitioner's sanity. The testimony of mental health professionals presented at trial unanimously indicated that petitioner was psychotic at the time of the incident. The prosecution, however, relied upon statements made by petitioner to officers, while petitioner was in the hospital

following surgery for gunshot wounds inflicted at the time of his arrest, to show that he appreciated the nature of his acts. The expert testimony indicated that petitioner was likewise delusional at the time of giving the statements. Based on this and other evidence, this court found that the state courts were unreasonable in concluding that petitioner had knowingly and voluntarily waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), before giving the statements. In so holding, the court determined that the officers' knowledge of petitioner's state, their direction to withhold medication from him, and other factors supplied the necessary coercive police activity for a finding that the waiver of *Miranda* rights was involuntary. The court found that the error was not harmless, because petitioner's involuntary statements were virtually the only evidence presented by the prosecution to support petitioner's sanity, which the prosecution bore the burden of proving beyond a reasonable doubt. Secondarily, the court found prosecutorial misconduct and ineffective assistance of trial counsel, again surrounding the insanity defense. Having thoroughly reviewed the substantive briefs filed by the parties, the court cannot conclude that the State of Michigan has established a strong likelihood of success on appeal. The most that can be said is that the State has a substantial case on the merits, in light of the high level of deference that the federal habeas courts must afford under the governing AEDPA standard. The first relevant factor therefore weighs in favor of release pending appeal.

       The other relevant factors, however, uniformly weigh against release. As noted, petitioner admittedly committed a brutal and unprovoked murder of an innocent, unarmed victim. Even assuming that petitioner's act was the product of insanity, there is no indication that he has recovered from whatever mental disease or defect led to the murder. The protection of innocent parties and the public interest therefore weigh heavily against release pending appeal. Furthermore,

petitioner has not demonstrated that he might suffer irreparable harm in the absence of release. The passage of time before a retrial works against the prosecution, which has the burden of proving every element of the offense, in addition to sanity, beyond a reasonable doubt. Furthermore, even if petitioner were retried and acquitted on grounds of insanity, he would be subject to mandatory commitment for mental health evaluation and treatment pursuant to Mich. Comp. Laws § 330.2050. Consequently, denial of release pending appeal does not appear to deprive petitioner of liberty that he would otherwise enjoy. Finally, the "traditional state concern" of petitioner's danger to the community clearly militates against release.

Where the State has a substantial position on appeal and the other relevant factors weigh against release, a stay should generally be ordered. *Hilton*, 481 U.S. at 778. Consideration of the factors made relevant by the Supreme Court in the *Hilton* case leads this court to conclude that its writ of habeas corpus should be stayed, pending appellate review. Respondent's motion for stay pending appeal (docket # 46) will therefore be granted.

Dated:     January 10, 2006              /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE